**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

IN RE: FERNANDO CONDE

Case No. 3:25-cv-00617-ART-CLB

**ORDER**

On October 29, 2025, Fernando Conde, a pro se inmate in the custody of the Nevada Department of Corrections, submitted a motion for appointment of counsel. (ECF No. 1-1.) It is not clear what type of action Conde is trying to bring because he did not file a complaint, a petition for a writ of habeas corpus, or any other document together with his motion. Conde also did not attempt to pay a filing fee or apply to proceed *in forma pauperis* ("IFP"). The Court will deny Conde's motion for appointment of counsel without prejudice and give Conde an opportunity to (1) submit an initiating document that clarifies what type of action he is bringing and (2) satisfy the applicable filing fee for that type of action **by January 5, 2026**.

**I.    DISCUSSION**

**A.    Conde must file an appropriate initiating document.**

If Conde wishes to challenge the conditions of his confinement at Ely State Prison (or a prior place of incarceration), then he must file a civil rights complaint under 42 U.S.C. § 1983. If Conde wishes to challenge a state conviction or sentence, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. And if Conde wishes to challenge a federal conviction or sentence—which seems unlikely given that Conde is currently confined at a state prison—then he must file a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Because Conde is representing himself, he must personally sign any initiating document he files. Fed. R. Civ. P. 11(a).

**B.    Conde must satisfy the applicable filing fee.**

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(a)–

(b). The fee for filing a habeas corpus petition is $5. *See id.* § 1914(a). There is no fee to file a motion under § 2255.

"Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

### C. Conde's motion for appointment of counsel is denied.

There is no constitutional right to appointed counsel in civil cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," the Court may request for an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Conde states that the issues in this case are complex, he cannot adequately present his claims without counsel, and he cannot retain private counsel. (ECF No. 1-1 at 2.) But Conde makes no effort to explain the underlying issues in this case, and without an appropriate initiating document on file, there is no way for the Court to evaluate

Conde's likelihood of success on the merits. The Court therefore denies Conde's motion for appointment of counsel without prejudice.

## II.   CONCLUSION

Accordingly, **IT IS ORDERED** that Conde's motion for appointment of counsel (ECF No. 1-1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Conde has until **January 5, 2026**, to file a civil rights complaint challenging his conditions of confinement under 42 U.S.C. § 1983, a habeas corpus petition challenging a state conviction or sentence under 28 U.S.C. § 2254, or a motion challenging a federal conviction or sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that Conde has until **January 5, 2026**, to <u>either</u> pay the full filing fee for the type of action he is bringing <u>or</u> file a fully complete IFP application with all three required documents: (1) a completed IFP application with the inmate's two signatures on page 3, (2) a financial certificate that is properly signed both by the inmate and prison official, and (3) a copy of the inmate's trust fund account statement for the previous six month period.

Conde is cautioned that this action will be subject to dismissal without prejudice if Conde fails to timely comply with this order. A dismissal without prejudice allows Conde to refile the case with the Court, under a <u>new</u> case number, when Conde can file an initiating document and address the matter of the filing fee.

The Clerk of Court is directed to send Conde the approved IFP application for an inmate and instructions for the same, the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, the approved form for filing a 28 U.S.C. § 2254 habeas corpus petition and instructions for the same, and the approved form for filing a § 2255 motion and instructions for the same.

**IT IS SO ORDERED**.

**DATED**: November 6, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**